## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

**FREDERICK L. PITCHFORD**                                                    **PLAINTIFF**


**v.**                                  **No. 3:06-CV-00044 GTE**


**DANIEL MADDEN TURBITT,**
**UNITED STATES MERIT SYSTEMS PROTECTION BOARD**
**ADMINISTRATIVE JUDGE**                                                **DEFENDANTS**


## ORDER

Two motions are pending in this case, Plaintiff's Motion for Appointment of Counsel and

Defendant's Motion to Dismiss.  Because it appears from the face of Plaintiff's Complaint that

the Defendant is entitled to judicial immunity, that this Court lacks subject matter jurisdiction,

and that Plaintiff has failed to state a claim upon which relief can be granted, Defendant's Motion

to Dismiss is granted, and Plaintiff's Motion for Appointment of Counsel is denied as moot.

## BACKGROUND

On March 21, 2002, Plaintiff appealed the action of the United States Postal Service

("USPS"), which removed him, effective March 13, 2002.  On December 31, 2002, United States

Merit Systems Protection Board ("the Board") Administrative Judge Daniel Madden Turbitt

issued an initial decision affirming Plaintiff's removal by the USPS.[1]  Plaintiff sought review of

the Board's decision in a complaint filed in this Court under Title VII of the Civil Rights Act of

---

[1]*See* Defendant's Motion to Dismiss, Exhibit 1 (*Pitchford v. United States Postal Service*,
MSPB Docket No. DA-0752-02-03520I-1 (December 31, 2002).

1964.[2]  The Court dismissed Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure

41(b) after the Court determined that Plaintiff willfully failed to comply with an order directing

him to appear for a deposition.[3]

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed the Complaint in this case on

March 20, 2006, against Daniel Madden Turbitt, United States Merit Systems Protection Board

Administrative Judge.  The Complaint alleges that on March 21, 2002, Judge Turbitt presided

over a video conference hearing pertaining to an appeal of Plaintiff's removal from services at

the United States Postal Service.  The Complaint further alleges that Judge Turbitt engaged in

conduct prejudicial to the effective and expeditious administration of the business of the courts

when he fell asleep on several occasions during the course of the hearing, which resulted in a

number of factual misstatements pertaining to the testimony of several witnesses and directly

impacted Judge Turbitt's decision.  On September 13, 2006, Defendant filed a Motion to Dismiss

for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of

subject matter jurisdiction and 12(b)(6) for failure to state a claim.  On September 28, 2006,

Plaintiff filed his Motion to Appoint Counsel.

## JUDICIAL IMMUNITY[4]

"Few doctrines were more solidly established at common law than the immunity of

---

[2]*See Pitchford v. Potter*, No. 3:03-CV-00082 (E.D. Ark. March 16, 2004), *aff'd* No. 04-2527 (8th Cir. June 8, 2005).

[3]*See Pitchford v. Potter*, No. 3:03-CV-00082 (E.D. Ark. March 16, 2004), *aff'd* No. 04-2527 (8th Cir. June 8, 2005).

[4]Although not raised by the Defendant, the Court finds it necessary to address the issue of absolute immunity.

judges from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-54, 87 S. Ct. 1213, 1217, 18 L. Ed. 2d 288 (1967).  Absolute judicial immunity extends to administrative judges.  *See Butz v. Economou*, 438 U.S. 478, 514, 98 S. Ct. 2894, 2915 (1978) ("We therefore hold that persons subject to these restraints and performing adjudicatory functions within a federal agency are entitled to absolute immunity from damages liability for their judicial acts.")  Those who complain of error in such proceedings must seek agency or judicial review.  *Id.*  "The essence and nature of an official immunity defense . . . is that it is not designed merely to assure the appropriate outcome of litigation, but to relieve the defendant from undergoing the burdens and expense of litigation at all [, and] is most plainly seen in the case of absolute immunity, now confined to judicial and prosecutorial officers.  The 'bright line' test applied there affords protection even if actual malice exists."  *Russell v. Hardin*, 879 F.2d 417, 419 (8th Cir. 1989).  Therefore, the Complaint is dismissed because Judge Turbitt is entitled to absolute judicial immunity.

## MOTION TO DISMISS

Alternatively, in the event the Complaint by the Plaintiff is actually alleging judicial misconduct, the Court will consider this claim in light of Defendant's Motion to Dismiss.[5]  When deciding a motion to dismiss, the Court must accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff.  *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005).  A complaint should not be dismissed for failure to state a claim unless it appears

---

[5]Judicial immunity would not apply in a complaint filed under 28 U.S.C. § 351.  *See McCulley v. Chatigny*, 390 F. Supp. 2d 126, 130 (D. Conn. 2005) ("If Ms. McCulley believed that the judges acted in error or improperly, her remedies were to appeal the allegedly erroneous rulings or file a complaint under 28 U.S.C. § 351.)

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Iowa Network Servs., Inc. v. Qwest Corp.*, 363 F.3d 683, 694 (8th Cir. 2004). A motion to dismiss for lack of jurisdiction under Rule 12(b)(1) which is limited to a facial attack on the pleadings is subject to the same standard as a motion brought under Rule 12(b)(6). *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003). Additionally, under 28 U.S.C. § 1915(e)(2)(B), this Court shall dismiss a case if the Court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted.

The Complaint states, "Judge Turbitt engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts when he fell asleep on several occasions during the course of the hearing." It appears from the language of the Complaint that Plaintiff may be attempting to allege judicial misconduct under 28 U.S.C. § 351, which provides, "Any person alleging that a judge has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts . . . may file with the clerk of the court of appeals for the circuit a written complaint containing a brief statement of the facts constituting such conduct." However, the term "judge" under 28 U.S.C. § 351(d) includes only "a circuit judge, district judge, bankruptcy judge, or magistrate judge." Since Judge Turbitt is a MSPB administrative judge designated by the Board under 5 U.S.C. § 7701(b)(1) and 5 U.S.C. § 3105 , he is not included within the definition of judge under the statute, and Plaintiff has failed to state a claim upon which relief can be granted.

Additionally, 28 U.S.C. § 351 only provides for filing a complaint with the clerk of the court of appeals for the circuit, who forwards the complaint to the chief judge of the circuit for review. The statute does not provide for subject matter jurisdiction in this Court. Therefore, to

4

the extent that the claims in the Complaint allege a cause of action under 28 U.S.C. § 351, such claims are dismissed for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction.

Plaintiff's Complaint also requests that the decision rendered by Judge Turbitt on December 31, 2002, "be set aside, or in the alternative, the case be remanded for another hearing before another Administrative Judge."  It does not appear that the Plaintiff's Complaint states any claims of discrimination provided for in 5 U.S.C. § 7703(b)(2).[6]  Thus, to the extent that this request for relief constitutes a judicial appeal from Judge Turbitt's ruling pursuant to 5 U.S.C. § 7703, proper jurisdiction lies in the United States Court of Appeals for the Federal Circuit,[7] not in this Court.  However, even in that Court, the Plaintiff's claims appear to be barred by requirement that "any petition for review must be filed within 60 days after the date the petitioner received notice of the final order or decision of the Board."[8]  Therefore, the Court is without jurisdiction to hear these claims.

Finally, to the extent that the Plaintiff's Complaint attempts to asserts a tort claim under the Federal Tort Claims Act, the Plaintiff's claim must fail.  On its face, the Complaint pleads

---

[6] 5 U.S.C. § 7703(b)(2) provides, "Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16(c)), section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c)), and section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 216(b)), as applicable."

[7] *See* 5 U.S.C. § 7703(b) and (c).

[8] *See* 5 U.S.C. § 7703(b)(1).

conduct that is clearly within the scope of Judge Turbitt's employment,[9] which would require the substitution of the United States as a party defendant.  However, it does not appear, and the Complaint does not allege, that the Plaintiff has presented an administrative tort claim to the appropriate federal agency.  *See Smith v. United States*, 588 F.2d 1209, 1211 (8th Cir. 1978). Therefore, any tort claim alleged by the Plaintiff would be dismissed for failure to exhaust administrative remedies.

IT IS THEREFORE ORDERED THAT Defendant's Motion to Dismiss (Docket No. 12) be, and is hereby, GRANTED.

IT IS FURTHER ORDERED THAT Plaintiff's Motion for Appointment of Counsel (Docket No. 14) be, and is hereby, DENIED as moot.

IT IS SO ORDERED this 13th day of October, 2006.

/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE

---

[9]The United States has certified that Judge Turbitt was acting within the scope of his employment.  The Plaintiff has not responded to this assertion.